IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE KIM RAQUINIO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF HAWAII, HAWAII ) <br> POLICE DEPARTMENT, JEREMY ) <br> "SCOTT" LEWIS, MARCO SEGOBIA, ) <br> EDWARD LEWIS, and KYLE ) <br> HIRAYAMA, ) <br> ) <br> Defendants. ) <br> _____ ) | Civ. No. 18-00268 SOM-RLP <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

I.  INTRODUCTION.

Before this court is *pro se* Plaintiff Noe Kim Raquinio's non-prisoner civil rights Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). *See* ECF Nos. 1, 2. Raquinio names the State of Hawaii, Hawaii Police Department, Detective Jeremy "Scott" Lewis, and Officers Marco Segobia, Edward Lewis, and Kyle Hirayama as Defendants. *See* ECF No. 1, PageID #s 1-4. He seeks relief under 42 U.S.C. § 1983. *See id.* at 5.

Pursuant to 28 U.S.C. § 1915(e)(2), this court has screened the Complaint and dismisses the Complaint with leave to amend, denying Raquinio's Application as moot.

**II.     STANDARD.**

To proceed *in forma pauperis*, Raquinio must demonstrate that he is unable to prepay or provide security for court fees. *See* 28 U.S.C. § 1915(a)(1). Before granting Raquinio's Application, this court screens the Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**III.    ANALYSIS.**

Raquinio seeks relief under 42 U.S.C. § 1983 against Defendants. The requirements for relief under § 1983 are: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Complaint states that, on January 11, 2017, "Defendants illegally conducted a[n] organized stop, leading to a[n] intentional false arrest." ECF No. 5, PageID # 6. Raquinio alleges that he was forced out of his car by "men in plain cloth[e]s," then handcuffed and searched. *See id.* at 5. He further alleges that there was no evidence of wrongdoing, and there were no warrants issued against him. *See id.* Raquinio states that he now suffers from "Degenerative Disc Disease which began in 2011-2012, emotional distress, financial and social destruction, [and] escaping [sic] physical harm," and he seeks $1,221,000 in monetary damages for, among other things, violations of his civil rights related to his disability. *See id.* at 7.

After careful consideration of the matters set forth in the Complaint, the court dismisses the Complaint with leave to amend.

**A. The Complaint Against the State is Dismissed for Lack of Jurisdiction.**

The Complaint seeks only monetary relief against Defendants, including against the State of Hawaii. This claim against the State of Hawaii is barred by the Eleventh Amendment.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one

of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under the Eleventh Amendment, a state is immune from lawsuits for monetary damages or other retrospective relief brought in federal court by its own citizens or citizens of other states. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 105-06 (1984). Thus, this court dismisses the claim against the State of Hawaii for lack of jurisdiction.

Further, even if Raquinio sought prospective injunctive relief against the State of Hawaii, states are not "persons" for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As a result, Raquinio cannot allege a § 1983 claim against the State of Hawaii.

### B. The Complaint Fails to State a Claim On Which Relief Can Be Granted.

This court reviews claims against the remaining Defendants to determine whether Raquinio has filed "a short and plain statement" showing that he is entitled to relief and sets forth a demand for relief. Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere

4

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Id.* At a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible.

The Complaint appears to allege that Raquinio was subject to an illegal search and seizure, which would be a violation of his Fourth Amendment rights and could serve as the basis for a § 1983 claim. However, the Complaint does not include facts sufficient to understand what Raquinio is asserting.

Raquinio does not describe any policy or custom of the Hawaii Police Department that violated his rights. For a municipality or its agency to be held liable under § 1983, Raquinio must assert a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)). A municipality or local government cannot be held "liable for the malfeasance of their employees" under § 1983, and therefore Raquinio cannot rely solely on the conduct of the Department's officers to bring a § 1983 claim against the County or the Department. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239,

1247 (9th Cir. 2016) (citing *Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 690-91 (1978)).

Nor does Raquinio explain how each individually named officer allegedly violated his rights. The Complaint simply states that the "illegal stop, arrest, search & seiz[ure]" was "coordinated" and that "Defendants all played equal roles in violating my civil rights." ECF No. 1, PageID # 5. This court cannot tell whether each officer participated in the arrest, or whether any officer "coordinated" from a desk. The Complaint also insufficiently explains how his disability relates to the alleged search and seizure. It is unclear to the court whether Defendants' conduct exacerbated Raquinio's pre-existing condition, or whether Raquinio is saying that his disability caused him to be unable to move quickly enough to satisfy the officers.

The Complaint also refers to Title II of the Americans with Disabilities Act ("ADA"), though it is unclear whether Raquinio intends to assert an ADA claim in addition to § 1983 claims. *See* ECF No. 1, PageID # 5. Title II applies to states and local governments and "provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'"

*Cohen v. City of Culver City*, 754 F.3d 690, 694-95 (9th Cir. 2014) (quoting 42 U.S.C. § 12132).  The Complaint does not explain the nature of the claim under Title II or how Raquinio was denied the "benefits" of some state or local government service by way of the alleged stop, search, and arrest.  The Ninth Circuit has recognized two types of Title II claims applicable to arrests: "(1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part on other grounds, cert. dismissed in part*, 135 S.Ct. 1765 (2015).  The court cannot discern either type of Title II claim from the Complaint.

Because Raquinio fails to allege sufficient facts to allow the court to understand his allegations or the circumstances surrounding his claims, the Complaint is dismissed with leave to amend to correct its deficiencies.

### C. The Court Grants Raquinio Leave to Amend His Complaint.

Raquinio may file an amended complaint on or before August 16, 2018. The amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. This document must be complete in itself; it may not incorporate by reference anything previously filed with this court.

Raquinio should refrain from stating legal conclusions and should instead allege facts with respect to what each Defendant allegedly did during the events at issue, *i.e.*, the stop, search, and arrest on January 11, 2017. Raquinio should explain how each Defendant violated his rights and whether Defendants' conduct relates to his disability and any other injury suffered.

## IV. CONCLUSION.

The Complaint is DISMISSED, and the Application to proceed *in forma pauperis* is DENIED as moot.

Raquinio is GRANTED leave to file an amended complaint curing the deficiencies noted above on or before August 16, 2018. If Raquinio chooses to file an amended complaint, he must either pay the filing fee or submit another Application.

If Raquinio fails to timely file an amended complaint, or if he fails to submit another Application or fails to pay the filing fee, the Clerk of Court shall automatically close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Noe Kim Raquinio v. State of Hawaii, et al., Civ. No. 18-00268 SOM-RLP; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS.