```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

NOE KIM RAQUINIO,              )   Civ. No. 18-00268 SOM-RLP
                               )
         Plaintiff,            )
                               )   ORDER GRANTING APPLICATION TO
         vs.                   )   PROCEED IN FORMA PAUPERIS
                               )
HAWAII POLICE DEPARTMENT,      )
JEREMY "SCOTT" LEWIS, MARCO    )
SEGOBIA, EDWARD LEWIS, and     )
KYLE HIRAYAMA,                 )
                               )
         Defendants.           )
                               )
_____  )
```

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

This is a nonprisoner civil rights action brought by a *pro se* plaintiff arising out of an arrest. On September 4, 2018, Plaintiff Noe Kim Raquinio filed a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). *See* ECF Nos. 17 and 18. Because the Complaint of September 4, 2018, is nearly identical to the Second Amended Complaint of August 20, 2018, for administrative purposes, the court has labeled the Complaint a Third Amended Complaint. That is, the Second Amended Complaint is a nullity, and the Third Amended Complaint is the operative complaint in this matter.

On July 12, 2018, this court issued an order dismissing Raquinio's original Complaint and Application. *See* ECF No. 5. Pursuant to 28 U.S.C. § 1915(e)(2), the court screened the Complaint and determined that Raquinio failed to allege sufficient facts to allow the court to understand his allegations

or the circumstances surrounding his claims.  *See id.* at PageID #s 37-40.  The court granted Raquinio leave to file an amended complaint and instructed that the amended complaint cure the deficiencies described in the order.  *See id.* at 41.

Raquinio submitted a second Application and an Amended Complaint, which this court determined to lack a viable claim. *See* ECF No. 10.  Raquinio's Amended Complaint did not cure the deficiencies described in the prior order, as it provided no factual background from which the court could discern a viable claim.  *See* ECF No. 7, PageID # 58.  On August 8, 2018, the court dismissed the Amended Complaint with further leave to amend and denied the Application as moot.  *Id.*, PageID # 68.  Raquinio's second amended complaint was due no later than September 7, 2018; this court informed Raquinio that this would be the final time that the court would grant such leave to amend.  *Id.*

Raquinio timely filed his Second Amended Complaint on August 20, 2018.  *See* ECF No. 15.  However, he failed to pay the applicable filing fee or submit another Application.  This court ordered that he do so no later than September 11, 2018.  *See* ECF No. 16.

On September 4, 2018, Raquinio responded by submitting the Third Amended Complaint and another Application.  *See* ECF Nos. 17 and 18.  As discussed above, the court deems this Third Amended Complaint to be the operative complaint in this action.

2

In asserting claims of illegal search and seizure and false arrest, the Third Amended Complaint provides very little factual detail. It simply alleges that, on January 11, 2017, Raquinio was driving a car when he was stopped by police. Raquinio alleges that his car was surrounded by plainclothes officers and that he was told to get out of the car. Raquinio says he was then arrested without having broken any traffic or criminal law. *See* ECF No. 18, PageID #s 315-16. While sparse, these factual allegations are sufficient to allow this action to proceed. These allegations sufficiently allege that the police lacked probable cause to conduct a traffic and/or custodial stop and that they lacked probable cause to arrest him. While Raquinio appears to have pled guilty in state court to knowingly possessing methamphetamine,[1] the court cannot tell whether law

---

[1] The court takes judicial notice of the Indictment and Guilty Plea in *State v. Noe Raquinio*, 3CPC-17-0000617. The signature on the Second Amended Complaint and the signature on the guilty plea entered on January 5, 2018, in *State v. Noe Raquinio*, 3CPC-17-0000617, appear similar, so Raquinio is apparently the person who pled guilty to promoting a dangerous drug in the second degree, a lesser included offense of Count 1 of the Indictment of September 12, 2017. That Indictment charged Raquinio with, and Raquinio pled guilty to, knowingly possessing methamphetamine on January 11, 2017--the same date Raquinio says in the action before this court that he was improperly arrested. Raquinio has not yet been sentenced in the state-court criminal case. In allowing this case to proceed, this court makes no determination on the present record as to "whether a judgment in favor of [Raquinio] would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The court also leaves for further adjudication, if appropriate, whether this action should be stayed pending the

3

enforcement had reason to pull over Raquinio's car before discovering that.  It may well be that law enforcement had a warrant or some other justification for stopping and arresting Raquinio.  But in this screening order, this court only reviews the Third Amended Complaint for whether the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune to such relief.  *See* 28 U.S.C. § 1915(e)(2).

Having determined that the Third Amended Complaint asserts a possible claim, the court now turns to Raquinio's Application.  To proceed in forma pauperis, Raquinio must submit an affidavit or declaration that includes a statement of the assets he possesses and a statement that he is unable to pay the cost of this proceeding or give security therefor.  *See* 28 U.S.C. § 1915(a)(1).  The court determines that Raquinio has satisfied this requirement.  Raquinio states that he has no savings, has only a 10-year-old car, and receives only $380 per month in disability or worker's compensation benefits.  *See* ECF No. 17. Raquinio therefore demonstrates that he falls below the federal poverty guidelines.  *See* January 2018 Poverty Guidelines for Hawaii, https://aspe.hhs.gov/poverty-guidelines (last visited September 6, 2018) (setting poverty guideline for one person in

---

final judgment in the criminal case.  *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

4

Hawaii at $13,960). Accordingly, the court GRANTS Raquinio's Application.

Raquinio may proceed *in forma pauperis*, and the court orders the following regarding service of the Third Amended Complaint:

(1) The Clerk of Court shall send Raquinio six copies of this order, five copies of USM-285, five copies of the Third Amended Complaint, five completed summons, five Notice of a Lawsuit and Request to Waive Service of a Summons forms (AO 398), ten Waiver of the Service of Summons forms (AO 399) (two for each Defendant), and an instruction sheet. The Clerk shall also send a copy of this order to the U.S. Marshals Service.

(2) Raquinio shall fully complete the forms and return them to the U.S. Marshals Service, 300 Ala Moana Boulevard, Room C-109, Honolulu, Hawaii 96850. Raquinio must also send to the U.S. Marshals Service five copies of the Third Amended Complaint, five copies of this order, and the summons.

(3) The U.S. Marshals Service shall mail to each Defendant a copy of the Third Amended Complaint, a copy of this order, a completed Notice of Lawsuit and Request for Waiver of Service of Summons form, and two completed Waiver of Service of Summons form. The U.S. Marshals Service shall retain the summons and a copy of the Third Amended Complaint.

(4) Each Defendant shall return the Waiver of Service of Summons form to the U.S. Marshals Service within thirty days from the date the request is mailed. If a Defendant fails to return the form within thirty days, the U.S. Marshals Service shall personally serve that Defendant. Within ten days after personal service is effected, the U.S. Marshals Service shall file the return of service for the Defendant with evidence of any attempts to secure a waiver of service of summons and the costs incurred in effecting service. These costs will be taxed against the personally served Defendant. See Fed. R. Civ. P. 4(d)(2).

(5) Each Defendant shall file an answer or other responsive pleading within the time provided in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 12(a)(1). Failure to do so may result in the entry of default.

(6) After the U.S. Marshals Service has served the Complaint, Raquinio shall serve upon each Defendant, or upon Defendant's counsel if counsel's appearance has been entered, a copy of every further pleading, motion, or other document submitted to the court pursuant to Federal Rule of Civil Procedure 5(b). With every original document he seeks to file, Raquinio must include a certificate stating the manner in which a true and correct copy of that document has been served on Defendant and the date of that service. *See* Local Rule 5.6. Any document received by the court that is not properly filed with

the Clerk or that fails to include a certificate of service may be disregarded.

(7) Raquinio shall immediately inform the court of any change of address in writing by filing a document that bears the title "Notice of Change of Address."  The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to file such notice may result in the dismissal of the action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 10, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Raquinio v. Hawaii Police Department, et al.*, Civ. No. 18-00268 SOM-RLP; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS