```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| NOE KIM RAQUINIO,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF KAILUA KONA, HAWAII POLICE DEPARTMENT, DETECTIVE JEREMY LEWIS, K9 HANDLER EDWARD LEWIS, OFFICER MARCO SEGOBIA, and OFFICER KYLE HIRAYAMA,<br><br>    Defendants.<br>_____ | Civ. No. 18-00268 SOM-RLP<br><br>ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO STRIKE DEFENDANTS' ANSWER |

**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE
TO STRIKE DEFENDANTS' ANSWER**

Before this court is *pro se* Plaintiff Noe Kim Raquinio's "Motion In Limine To Strike The Defendants' Pleadings [And] Motions, And Advocacy For Pleadings And Motions For Violation Of Federal Rule Of Civil Procedure 11," filed on January 2, 2019. ECF No. 54. The title of Raquinio's motion in limine suggests that Defendants have filed multiple pleadings and motions in this case. In fact, at the time Raquinio filed his motion,[1] Defendants had filed only their Answer to the Complaint.[2] ECF No. 52. Further, Raquinio's memorandum in support of his motion only addresses the Answer. ECF No. 54,

---

[1] On February 7, 2019, Defendants filed a motion for judgment on the pleadings. ECF No. 73.

[2] The Third Amended Complaint is the operative complaint in this matter. *See* ECF No. 18; ECF No. 20, PageID # 324.

PageID #s 421-25.  This court therefore construes Raquinio's motion as one seeking to strike the Answer.  His motion is denied.

The Answer contains nineteen affirmative defenses. *See* ECF No. 52, PageID #s 411-15.  Raquinio argues that this court should "strik[e] ALL of the affirmative defenses" pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  ECF No. 54, PageID # 421.  He does not address the defenses individually or describe the alleged deficiencies in the defenses with any specificity.  Rather, he broadly argues that the defenses "are both insufficient to state a valid defense and are wholly irrelevant to the causes of action alleged in the [C]omplaint, thus they constitute immaterial allegations which should be stricken." *Id.*

Rule 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  A Rule 12(f) motion to strike is a "severe measure and is generally viewed with disfavor." *United States v. 729.773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982); *see also Sky-Med, Inc. v. Skydiving Sch., Inc.*,

2

Civ. No. 13-00193 DKW/BMK, 2014 WL 198801, at *1-2 (D. Haw. Jan. 16, 2014). Because of this, a motion to strike is "not normally granted unless prejudice would result to the movant from the denial of the motion." *Id.* In considering a motion to strike, the court "views the challenged pleadings in the light most favorable to the [opposing party]." *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998).

By arguing that the Answer "fails to state enough facts to constitute [] sufficient defense[s]," Raquinio appears to be applying the plausability standard from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* ECF No. 54, PageID # 422. Those cases require a complaint to contain sufficient factual information to state a plausible claim to relief. However, the *Twombly/Iqbal* standard does not apply to affirmative defenses. *See Jou v. Adalian*, Civ. No. 15-00155 JMS-KJM, 2017 WL 3624340, at *2 (D. Haw. Aug. 23, 2017); *see also Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998))). Thus, Raquinio's argument that the Answer is insufficient lacks merit.

Raquinio similarly fails to establish that the Answer contains any immaterial matter. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting Wright & Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990)); *see also Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d 970 (9th Cir. 2010) (holding that a claim for damages was not immaterial because whether the damages are recoverable "relates directly to the plaintiff's underlying claim for relief"). Raquinio merely asserts that all nineteen defenses are "wholly irrelevant" to his claims. He offers no reasons why the defenses are irrelevant, and the court sees none. Nor has Raquinio identified any prejudice that would result from denial of his motion. As a result, Raquinio does not satisfy the Rule 12(f) standard, and the court does not strike the Answer on that basis.

Raquinio also argues that the Answer should be stricken under Rule 11. He does not explain why Defendants allegedly violated Rule 11, but merely states that "Rule 11 provides for striking of Defendants' pleadings and advocacy of pleadings that seek to harass, cause unnecessary delay, increase

the cost of litigation, or set forth frivolous contentions of law." ECF No. 54, PageID # 419.

The court will not consider Raquinio's Rule 11 argument because he failed to comply with the procedural requirements of Rule 11(c). Rule 11(c)(2) provides, in part, "The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The purpose of this requirement is "to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).

As Defendants explained in their opposition, Raquinio sent Defendants' counsel a copy of his motion in limine via mail on December 31, 2018, and he filed the motion with this court on January 2, 2019. *See* ECF No. 56, PageID #s 435-36, ECF No. 56-2, PageID # 439. He therefore failed to wait the requisite 21 days after serving Defendants to see what, if any, correction or withdrawal occurred. This court does not strike the Answer or otherwise sanction Defendants under Rule 11. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009)

("Failure to provide the required notice precludes an award of Rule 11 sanctions upon [Plaintiff's] motion.").

For these reasons, the court denies Raquinio's motion in limine.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 7, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Noe Kim Raquinio v. City of Kailua Kona, et al., Civ. No. 18-00268 SOM-RLP; ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO STRIKE DEFENDANTS' ANSWER.