```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF HAWAII

NOE KIM RAQUINIO,                )    Civ. No. 18-00268 SOM-RLP
                                 )
         Plaintiff,              )    ORDER GRANTING DEFENDANTS'
                                 )    MOTION FOR JUDGMENT ON THE
         vs.                     )    PLEADINGS AND DENYING
                                 )    PLAINTIFF'S MOTION TO COMPEL
CITY OF KAILUA KONA, HAWAII      )    AS MOOT
POLICE DEPARTMENT, DETECTIVE     )
JEREMY LEWIS, K9 HANDLER         )
EDWARD LEWIS, OFFICER MARCO      )
SEGOBIA, and OFFICER KYLE        )
HIRAYAMA,                        )
                                 )
         Defendants.             )
_____  )
```

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
AND DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT**

**I.      INTRODUCTION.**

Plaintiff Noe Kim Raquinio, *pro se*, has asserted claims of illegal search and seizure and false arrest under 42 U.S.C. § 1983 against Defendants City of Kailua Kona, Hawaii Police Department, Detective Jeremy Lewis, K9 Handler Edward Lewis, Officer Marco Segobia, and Officer Kyle Hirayama. Raquinio's claims arise out of a traffic stop that led to his arrest and conviction for Promoting a Dangerous Drug in the Second Degree in state court.

Before the court are two motions: Defendants' Motion for Judgment on the Pleadings, and Raquinio's Motion to Compel Defendants to Produce Initial Disclosures ("Motion to Compel"). ECF Nos. 73, 82.

The court concludes that Raquinio's claims for damages are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in his favor would necessarily imply the invalidity of his conviction. Raquinio's remaining claim for prospective injunctive relief is dismissed for failure to state a claim upon which relief can be granted. The court therefore grants Defendants' Motion for Judgment on the Pleadings and denies Raquinio's Motion to Compel as moot.

**II.   BACKGROUND.**

Directly relevant to Raquinio's claims before this court is the state criminal case against Raquinio, *State v. Noe Raquinio*, 3PCP-17-0000617.[1] On January 11, 2017, Raquinio was arrested during a traffic stop in Kona on the Big Island during which Hawaii County Police Department officers found methamphetamine and drug paraphernalia. *See* ECF No. 73-3. On September 12, 2017, a grand jury issued an indictment charging Raquinio with three counts: (1) Promoting a Dangerous Drug in the First Degree, in violation of section 712-1241(1)(a) of Hawaii Revised Statutes; (2) Promoting a Dangerous Drug in the Third Degree, in violation of section 712-1243(1) of Hawaii

---

[1] The court takes judicial notice of the filings in that case. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

2

Revised Statutes; and (3) Prohibited Acts Related to Drug Paraphernalia, in violation of section 329-43.5 of Hawaii Revised Statutes. *Id*. Raquinio was represented by counsel in the state court proceedings. On January 5, 2018, he entered a plea of guilty to Promoting a Dangerous Drug in the Second Degree. ECF No. 73-5. On January 19, 2018, Raquinio was sentenced to four years of probation. ECF No. 73-6 ("Judgment of Conviction and Probation Sentence").

Raquinio commenced the present federal action on July 9, 2018. ECF No. 1. At this point, Raquinio's Third Amended Complaint ("Complaint") is the operative complaint. *See* ECF No. 18; ECF No. 20, PageID # 325. The Complaint asserts claims of illegal search and seizure and false arrest arising out of his arrest on January 11, 2017, but provides very little factual detail. It simply alleges that, on January 11, 2017, Raquinio was driving a car when he was stopped by police. Raquinio alleges that his car was surrounded by plainclothes officers and that he was told to get out of the car. Raquinio says he was then arrested without having broken any traffic or criminal law. *See* ECF No. 18, PageID #s 315-16.

The Complaint asserts four claims: (1) "42 U.S.C. § 1983 Against Defendants, Marco Segobia"; (2) "False Imprisonment Against Defendants[,] Marco Segobia"; (3) "42 U.S.C. § 1983 Against City of Kailua Kona"; and (4) "Respondeat

3

Superior [Against] City of Kailua Kona." *Id.* at #s 317-18.

Raquinio asks the court to do the following:

> A. Enter judgment in favor of Plaintiff and against Defendants;
>
> B. Enter an order declaring Defendant Segobia['s] conduct unconstitutional;
>
> C. Award Plaintiff compensatory and punitive damages against Defendants;
>
> D. Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;
>
> E. Enter a permanent injunction, upon proper motion, requiring Defendant City of Kailua Kona to adopt appropriate policies related to the hiring and supervision of its police officers; and
>
> F. Grant [] Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.
>
> G. To end conviction case [sic] and directly related cases to be stopped and expunged a[nd] sealed permanently.

*Id.* at 319.

On February 7, 2019, Defendants filed its Motion for Judgment on the Pleadings.[2] ECF No. 73. On February 21, 2019, Raquinio filed his Motion to Compel. ECF No. 82.

---

[2] Raquinio has filed numerous documents in this matter, most of which are difficult to decipher and were filed without leave to do so. *See, e.g.*, ECF Nos. 77, 84, 85, 92. The court deems Raquinio's "Memorandum in Support to Oppose Defendants Motion For Judgment" filed on March 1, 2019, to be his opposition to Defendants' motion. ECF No. 87. Even considering his other filings, the result remains the same.

4

## III. STANDARD FOR JUDGMENT ON THE PLEADINGS.

Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *accord Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) ("Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.").

With a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false. *See Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when, accepting all factual

allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation marks and citation omitted); *accord Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011).

Generally, when matters outside the pleadings are considered, a motion for judgment on the pleadings must be considered as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d). However, when adjudicating a Rule 12(c) motion, a court may consider matters subject to judicial notice without converting the motion to one for summary judgment. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that are contained in materials of which the court may take judicial notice." (quotation marks omitted)).

**IV.     ANALYSIS.**

The court grants judgment on the pleadings in favor of Defendants. The court is unpersuaded by Defendants' jurisdictional argument that the *Rooker-Feldman* doctrine bars Raquinio's claims. However, Raquinio's claims for damages are barred by *Heck v. Humphrey*, and his claim for prospective

6

injunctive relief is dismissed for failure to state a claim upon which relief can be granted. Though unclear, Raquinio may also be alleging a state law claim of false arrest. To the extent that he is, that claim is also dismissed for failure to state a viable claim.

### A. The *Rooker-Feldman* Doctrine Is Inapplicable.

Defendants argue that, "[t]o the extent Plaintiff is asking the Court to function as an appellate court in reviewing his state court conviction, the *Rooker-Feldman* doctrine bars his action." ECF No. 73-1, PageID # 778. Defendants argue that the Complaint "aims at the heart of the Criminal Proceeding" and that "[t]he questions of whether the officers had reasonable suspicion to conduct a traffic stop or probable cause to arrest and detain Plaintiff are inextricably intertwined with the state court conviction." *Id.* at 779-80. Because the application of *Rooker-Feldman* is a matter of jurisdiction, the court considers this argument first.

Under *Rooker-Feldman*, a district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This is because district courts lack appellate

jurisdiction over the judgments of state courts; their jurisdiction is "strictly original." *Id.* at 284 (quoting *Rooker v. Fidelity Trust Co.*, 276 U.S. 413, 416 (1923)).

To determine whether *Rooker-Feldman* applies, this court must determine "whether the action contains a forbidden de facto appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). If the action contains such an appeal, "that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Id.* (quoting *Noel*, 341 F.3d at 1158).

Raquinio is not seeking a de facto appeal of a state court decision. His claims are certainly related to his state court conviction, as exemplified by his request "[t]o end [his] conviction [] and [for] directly related cases to be stopped and expunged [a]nd sealed permanently."[3] *See* ECF No. 18, PageID

---

[3] This court has considered whether Raquinio is really seeking relief under 28 U.S.C. § 2254. If he is, then the court invites him to make that claim in a new action using this court's form, a copy of which the Clerk of Court is directed to send him. Again, his requests for damages and injunctive relief suggest

8

# 319.  However, nowhere in his Complaint does he allege that the state court committed any legal error.  Raquinio complains only of Defendants' conduct during his arrest on January 11, 2017.  *See id.*  "[E]ven if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court." *Bell*, 709 F.3d at 897 (holding that *Rooker-Feldman* does not apply when plaintiffs assert "as a legal wrong an allegedly illegal act . . . by an adverse party," not a state court).

As a result, *Rooker-Feldman* is inapplicable, and the court need not engage in the "inextricably intertwined" analysis.  *Id.* ("Should the action *not* contain a forbidden de facto appeal, the *Rooker-Feldman* inquiry ends.").  This court has jurisdiction over Raquinio's claims.

        **B.**    ***Heck v. Humphrey* Bars Raquinio's Claims For Damages.**

Raquinio seeks damages, alleging that Defendants illegally "search[ed] and seize[d] his person and vehicle [of] which he was not the owner," "false[ly] imprison[ed] him by forcing a[n] illegal traffic stop," and "false[ly] arrest[ed] and restrain[ed] him without cause."  ECF No. 18, PageID # 314.  Defendants argue that Raquinio's claims are barred by *Heck v.*

---

otherwise, and his papers do not presently flesh out the issue. It may be that there are state court proceedings that he may seek to exhaust.  It is in an abundance of caution and with concern relating to Raquinio's *pro se* status that this court notes the possibility of a § 2254 action.

*Humphrey* because he "challenges the search and seizure of the methamphetamine that formed the basis of his conviction for promoting methamphetamine in the second degree under Haw. Rev. Stat. § 712-1242(1)(b)(i)." ECF No. 73-1, PageID # 781. The court agrees.

> In 1994, the Supreme Court in *Heck v. Humphrey* held:
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486–87 (1994) (footnote omitted). A "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. *Heck v. Humphrey* applies "even where the plaintiff's prior convictions were the result of guilty or no contest pleas." *Radwan v. Cty. of Orange*, 519 Fed. App'x 490, 490–91 (9th Cir. 2013) (citing *Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011); *Whitaker v. Garcetti*, 486 F.3d 572 (9th Cir.2007); *Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006)).

A judgment in Raquinio's favor in this case would necessarily imply the invalidity of his conviction because he is asking this court to determine that there was no probable cause supporting the search and seizure on January 11, 2017, and his resulting arrest. *See id.*, PageID # 316. Raquinio's conviction has not been reversed, expunged, or otherwise called into question. Thus, Raquinio's claims for damages are barred by *Heck v. Humphrey*. *See Vohra v. City of Placentia*, 683 F. App'x 564, 566 (9th Cir. 2017) (holding that a § 1983 action challenging a traffic stop was barred by *Heck* when plaintiff had pleaded guilty to an infraction arising out of that traffic stop); *see also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that *Heck* barred plaintiff's § 1983 claim of wrongful arrest because a wrongful arrest "could not have occurred unless he were innocent of the crimes for which he was convicted").

Raquinio's claims for damages are dismissed without prejudice until his conviction is overturned or otherwise invalidated.[4] To the extent Raquinio is seeking relief from his

---

[4] Notably, Raquinio included in one of his filings a document titled "Hawaii Police Department Advice of Search and Seizure Rights and Consent to Search," which is signed by Raquinio and dated January 11, 2017. ECF No. 84, PageID # 882. The document indicates that Raquinio voluntarily consented to "a complete search" of a Blue Mazda and a brown pouch. *Id.* Thus, even in the absence of *Heck v. Humphrey*, Raquinio may face difficulty establishing any illegal search and seizure claim.

conviction, he should consider what options he may have in state court.

### C. Raquinio's Claim For Prospective Injunctive Relief Is Dismissed For Failure To State A Claim.

Although *Heck v. Humphrey* bars Raquinio's claims for damages, "it does not necessarily bar a claim for prospective injunctive and declaratory relief." *Rose v. California*, 356 F. App'x 975, 975 (9th Cir. 2009) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005)) (remanding to district court to determine whether plaintiff stated a viable claim under § 1983). Raquinio seeks prospective injunctive relief against the City of Kailua Kona based on (1) respondeat superior liability and (2) the Kailua Kona Police Department's policies that allowed for the allegedly illegal conduct by police officers during the traffic stop on January 11, 2017. ECF No. 18, PageID # 318. He asks this court to issue a permanent injunction "requiring Defendant City of Kailua Kona to adopt appropriate policies related to the hiring and supervision of its police officers." *Id.* at 319.

Raquinio fails to state a viable claim under § 1983. As an initial matter, Defendants are correct that County of Hawaii is the proper party, not the "City of Kailua Kona." *See* ECF No. 73-1, PageID # 783 ("[I]t is the County that has 'the power to sue and be sued in its corporate name.'" (quoting Haw. Rev. Stat. § 46-1.5(22) (2012))). To establish a § 1983 claim against the County, Raquinio "cannot rely solely on respondeat

superior liability," but instead "must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [he] suffered.'" *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (quoting *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

To establish liability for such a claim, referred to as a *Monell* claim, Raquinio must prove "(1) that [he] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to [his] constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). The Ninth Circuit has held that a complaint asserting a *Monell* claim "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE*, 666 F.3d at 637 (quoting *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)).

Raquinio's Complaint does not satisfy this standard. He alleges that the Kailua Kona Police Department has policies

13

of (1) "exhibiting deliberate indifference to the constitutional rights of persons in the City of Kailua Kona"; (2) "fail[ing] to exercise reasonable care in hiring its police officers"; and (3) "inadequately supervis[ing] and train[ing] its police officers." ECF No. 18, PageID # 318. Such vague, conclusory allegations are void of any facts establishing that Raquinio is entitled to the relief he seeks. *See Dougherty*, 654 F.3d at 900 ("[Plaintiff's] *Monell* and supervisory liability claims lack any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' deemed insufficient by [*Bell Atlantic Corp. v.* Twombly, 550 U.S. 544, 555 (2007)]."). Raquinio's *Monell* claim seeking prospective injunctive relief is dismissed, leaving no § 1983 claims for adjudication.

        **D.    To The Extent Raquinio Is Asserting A State Law Claim Of False Arrest, That Claim Is Dismissed.**

It is unclear whether Raquinio is also asserting a claim of false arrest or imprisonment under state law. *See* ECF No. 18, PageID #s 317-18. *Heck v. Humphrey* addresses § 1983 claims, not state law claims.[5] *See Medeiros v. Clark*, 713 F. Supp. 2d. 1043, 1056 n.1 (E.D. Cal. 2010) ("To the extent that Defendants' motion to dismiss based on *Heck* is directed to the

---

[5] The Hawaii Supreme Court has not adopted *Heck v. Humphrey*, but a recent decision by the Hawaii Intermediate Court of Appeals applied the "reasoning and analysis in *Heck*" to affirm the dismissal of a false imprisonment claim. *See Penaflor v. Mossman*, 141 Haw. 358, 364, 409 P.3d 762, 768 (Ct. App. 2017).

state law causes of action, by its terms, *Heck v. Humphrey* applies to a Section 1983 action." (citing *Nuno v. Cty. of San Bernardino*, 58 F. Supp. 2d 1127, 1130 n.3 (C.D. Cal. 1999)). Nevertheless, if Raquinio is asserting such a claim, it fails.

To establish a false arrest or imprisonment claim under Hawaii state law, a plaintiff must show "(1) the detention or restraint of one against his will, and (2) the unlawfulness of such detention or restraint." *Reed v. City & Cty. of Honolulu*, 76 Haw. 219, 230, 873 P.2d 98, 109 (1994). The determination that the arresting officer had probable cause is a defense to a claim of false arrest or imprisonment. *Id.* Probable cause is conclusively established "upon the showing that plaintiff was tried and convicted of the offense for which he was arrested without warrant[.]" *House v. Ane*, 56 Haw. 383, 395, 538 P.2d 320, 328 (1975) (affirming dismissal of a false imprisonment claim); *see also Reed*, 76 Haw. at 230, 873 P.2d at 109. Probable cause for Raquinio's arrest on January 11, 2017, is established by his conviction for Promoting a Dangerous Drug in the Second Degree, and he therefore cannot prove a claim of false arrest under state law.

Defendants' motion is granted. Raquinio is not granted further leave to amend his Complaint. He has been granted leave to amend twice before. ECF No. 5; ECF No. 10,

15

PageID # 68 ("This is the final time that the court will grant such leave.").

**V.      CONCLUSION.**

Defendants' Motion for Judgment on the Pleadings is granted.  Consequently, Plaintiff's Motion to Compel is denied as moot.  The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

The Clerk of Court is also directed to send Raquinio a copy of this court's form for a request for relief under 28 U.S.C. § 2254.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 21, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Noe Kim Raquinio v. City of Kailua Kona, et al., Civ. No. 18-00268 SOM-RLP; ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT.